## PRATT ROBERTS *et al.*

*v.*

## LEVI PIERCE, Admr.

1. WITNESS—*competency of party, where opposite party is described as administrator in the pleadings.* The fact that a plaintiff describes himself as an administrator, will not cut off the defendant from being a witness where it appears that the plaintiff could maintain the suit in his own name, and that it was unnecessary for him to describe himself as administrator.

2. ASSIGNEE — *subject to what defenses.* A executed a mortgage to B to secure the payment of two promissory notes, and B hypothecated one of the notes to C, who recovered a judgment on it against A. The other note was hypothecated by B to a bank, to secure an indebtedness which he owed the bank. C assigned his judgment to D, as administrator of F. After the death of B, his administrator paid his indebtedness to the bank, and took an assignment of the note which had been hypothecated there, to himself, but for the benefit of the estate. After the death of both B and F, under an order of the county court, the administrator of B assigned the note, which had been assigned to him by the bank, to D, as administrator of F, for the benefit of the estate. On a bill filed by D, as administrator, to foreclose the mortgage, it was *held*, that he was not an innocent holder of the mortgage indebtedness for value before maturity, so as to preclude defendant from making the same defense that he could have made had the suit been in the name of

the payee of the notes or of his administrator; *held, also,* that A was a competent witness to testify in his own behalf.

3. MORTGAGOR AND MORTGAGEE—*rents collected by the latter.* On a bill to foreclose a mortgage, where it appears that the consideration for the mortgage debt was an interest in a block of buildings purchased by the mortgagor from the mortgagee, and that, by an agreement made between them, the mortgagee was appointed by the mortgagor as his agent to collect the rents and apply the same on the mortgage debt, and the mortgagee did enter upon the agency and collect rents, the amount so collected should be applied as a credit upon the mortgage debt.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. R. L. LYON, for the plaintiffs in error.

Mr. EDWIN N. LEWIS, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This bill was to foreclose a mortgage made by defendant Smith to John W. Newport, in his lifetime, to secure two promissory notes, each for the sum of $1000. Newport, it seems, had hypothecated one of the notes before maturity to Gregory, as collateral security for his indebtedness to him. Gregory obtained a judgment at law on the note, and afterwards Smith paid him $700 on it, and some arrangement was then made by which Gregory made no further effort to collect the balance due on the judgment from Smith. This judgment was subsequently assigned to complainant, as administrator of the estate of George Lelleck.

The other note was hypothecated by Newport to the bank, as security for his indebtedness to it. After the death of Newport, Lott, his administrator, paid the bank its claim against the estate, and took an assignment of the note to himself, but for the benefit of the estate.

George Lelleck, in his lifetime, made some claim to these notes, or the proceeds in the hands of Newport, but never

380     ROBERTS *et al. v.* PIERCE, ADMR.     [Sept. T.

Opinion of the Court.

took any steps to assert it, whatever it may have been. After the death of both Lelleck and Newport, such proceedings were had in the county court, that an order was made directing Lott, administrator of Newport, to assign the note and mortgage in his hands to complainant, as administrator, for the benefit of the estate, which was accordingly done. Having obtained an assignment to himself of the note and mortgage from Lott, and also of the judgment on the other note in favor of Gregory, complainant filed this bill to foreclose the mortgage. The answer discloses that the consideration of the notes was an interest in a block of buildings purchased by Smith of Newport, and that an agreement was entered into between them, by which Smith constituted Newport his agent to collect the rents of the building and apply them on his indebtedness. It is proven, Newport did enter upon the agency, and did collect rents that ought to go as a credit upon these notes.

Without reference to what may have been the equities between Newport and Lelleck, it is very clear, so far as Smith and parties holding under him are concerned, that whatever rents Newport may have collected from the mortgaged premises should be applied as a credit on the mortgage indebtedness. That was the contract, and there is no reason why it should not be carried out. Complainant here is in no sense an innocent holder of the mortgage indebtedness for value before maturity, so as to cut off the defense. The same defense can be made to the foreclosure of the mortgage in the name of complainant, as could have been made had the suit been in the name of Newport or his administrator.

There is much confusion in this record, but as we understand it, the court, in fixing the amount of the decree, rejected all the items in defendants' account, except such as were admitted to be correct. This, it seems, was done on the theory Smith was not a competent witness in his own behalf.

By the first section of the act of 1867, he was a competent witness, and unless he is prohibited from testifying for himself by some of the exceptions to that section, his testimony ought to have been received and considered. The argument is, he was not a competent witness under the second section of the act, because the adverse party in this case sues as administrator. That section of the statute can have no application to this case. Strictly speaking, complainant does not sue in this case as administrator. The assignment of the mortgage and the indebtedness secured by it was made to him, and not to his intestate. It was taken by him on the indebtedness of the estate of Newport to the estate of Lelleck. No assignment was ever made to Lelleck in his lifetime.

The fallacy of the construction insisted upon may be made apparent by illustration. Had complainant purchased of a party, acting on his own behalf, a claim on defendant, for the benefit of the estate, in payment of a claim due the estate, it would hardly be insisted that, because he should sue on it in his own name, describing himself as administrator, that fact would debar defendant the privilege of being a witness in his own interest. Certainly, that construction could not be maintained, and yet that is the exact case at bar. As we have seen, the indebtedness was assigned directly to complainant. He could foreclose the mortgage in his own name, for the legal title to the indebtedness secured was in him.

It was not necessary he should describe himself as administrator in bringing the suit. The fact he has so described himself, does not cut off defendant from being a witness, nor is his competency at all affected by any fair construction that can be given to the second section of the act of 1867.

The decree will be reversed, and cause remanded for further proceedings.

*Decree reversed.*